PATERSON CONTRACTING COMPANY, PROSECUTOR, v. CITY OF HACKENSACK ET AL., DEFENDANTS.

Decided April 10, 1923.

Lowest Bidders—Public Contract—Award Refused on Ground of Irresponsibility.

On *certiorari.*

Before PARKER, J., sitting alone under the statute.

For the prosecutor, *Randal B. Lewis.*

For the defendants, *Wendell J. Wright.*

The opinion of the court was delivered by

PARKER, J. This is a *certiorari* brought by an unsuccessful bidder for a public contract against the municipal body which awarded it to another bidder, and such other bidder is made a party defendant. The law required the contract to be let to the lowest responsible bidder, and the plaintiff corporation claims that it fulfilled those conditions and that its bid was wrongfully rejected and the award wrongfully made to the competitor, wherefore it prays to have such award set aside. There seems to be no question but that the prosecutor's bid was the lowest, and the ground on which the award was justified is that the board of commissioners having jurisdiction in the premises concluded that the prosecutor was not responsible in the sense intended by the statute.

This same award was before me a short time ago as between the same parties, and I then held that the award to the competing contractor, G. Di Napoli & Company, was illegal, and would have to be set aside because it was plain to my mind that on the question of responsibility the prosecutor did not have a fair hearing. The parties accepted this decision and proceeded to hold a formal hearing, with due notice to all concerned, and opportunity to present evidence and appear by counsel, and after that hearing was concluded, the municipal body came to the same decision as before, namely, that the prosecutor was not "responsible," and again awarded the contract to the competitor. I am now asked under this writ to set aside this second award on the ground that the conclusion of the commissioners was not justified by the evidence.

Notwithstanding the earnest and forceful argument of prosecutor's counsel, I do not feel justified in so doing. It is true, as counsel says, that the commissioners heard only the evidence presented by the prosecutor as to its responsibility and decided against prosecutor on that evidence alone. It is also true, I suppose, that counsel for the commissioners was prepared with a resolution already drawn for action at the end of the hearing. This latter fact means little or nothing, because all diligent counsel, where action of this kind is to be taken, are likely to prepare themselves with such a paper as they think is likely to represent the result of the action to be taken. So I make nothing of this.

On considering the testimony and other evidence to indicate prosecutor's responsibility, and the conclusions of the commissioners thereon, it must be confessed that they might well have decided that prosecutor was responsible and awarded the contract to him; but that, after all, their judgment is a judgment to be given upon what they find to be the facts in the particular case in view of the conditions to be met, and I am unwilling to say that they exercised their judgment either corruptly, fraudulently or erroneously in any other way. The contract is a contract of considerable

magnitude, requiring a special character of work, and it does not satisfactorily appear that the prosecutor corporation is either experienced in this class of work, or at the time of the award had, or showed itself possessed of, the means to acquire the necessary equipment. It is said that they were able to give a satisfactory bond, but something more is required in these cases than a mere bond, and the financial responsibility of the bidder, as well as its equipment, experience and skill, are all considerations which enter into the determination as to whether the bidder is to be responsible in the sense intended by law.

The question whether, sitting as the Supreme Court, I should now overrule the finding of fact of these commissioners, may be tested by the consideration that, if I should do so, it would involve an immediate application for a *mandamus* directed to them, and requiring them to award the contract to the prosecutor. Now, a *mandamus* is never awarded unless the legal right is perfectly clear, and I am free to say that I should have a great deal of hesitancy in undertaking to direct these commissioners to make such an award as that on the facts that would be before me in the *mandamus* case, which would be the same as in the present case.

I do not feel justified, therefore, in overruling the action of the commissioners under this writ and it will accordingly have to be dismissed.